UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NERCON ENGINEERING AND
MANUFACTURING CO.,

    Plaintiff,

v.                                                              Case No. 05-C-1339

GARVEY CORP.,

    Defendant.

**ORDER**

This patent case is presently before me on the defendant's motion to dismiss, stay or transfer this case to the Northern District of Illinois. Plaintiff Nercon Engineering and Manufacturing, of Oshkosh, filed this declaratory judgment action on December 22, 2005. It seeks a ruling of invalidity and noninfringement concerning Patent Nos. 6,575,287 and 6,648,124, which are owned by defendant Garvey Corporation, a New Jersey company. In February 2006, at the same time it filed the present motion to dismiss or transfer this case, Garvey filed its own mirror-image complaint in the Northern District of Illinois.

Garvey now asserts that its later-filed Illinois action should take precedence over this one. It does not suggest that Illinois is a more convenient venue under 28 U.S.C. § 1404. Instead, it argues that under the doctrine of federal comity I should defer to the Illinois courts because another court in the Northern District of Illinois already has experience with some of the complex issues that will be raised in this case.[1] Prior to the present litigation between Garvey and Nercon, the patents

---

[1] That is, Garvey does not argue the more typical scenario that occurs when a defendant in a first-filed declaratory judgment action seeks transfer or dismissal. Although it argues Nercon's action was an improper "anticipatory" filing, it presents no other basis for transfer to the Northern District of Illinois apart from the fact that it had an earlier action in that district involving one of the

in suit were the subject of an action in the Northern District of Illinois in a case styled *The Garvey Corporation v. Barry-Wehmiller Design Group, Inc. and Fleetwood , Inc.*, No. 04-CV-6960. That action was heard by Judge Reuben Castillo and proceeded to the preliminary injunction stage, which required the judge to construe part of the '287 patent. *See* 365 F. Supp.2d 893 (N.D. Ill. 2005). Because of Judge Castillo's experience with one of the patents at issue here, Garvey asserts that substantial judicial efforts could be saved if I transferred this case to the Northern District. Although I lack the power to transfer the case to a particular judge, Garvey claims that if I transfer this case to the Northern District, it will almost certainly be transferred to Judge Castillo's court (its current case is presently assigned to another judge) because under Northern District Local Rule 40.4(a) the action is "related" to the prior case Judge Castillo heard. Local Rule 40.4 reads as follows:

> **LR40.4. Related Cases; Reassignment of Cases as Related**
>
> (a) Definitions. Two or more civil cases may be related if one or more of the following conditions are met:
> (1) the cases involve the same property;
> (2) the cases involve some of the same issues of fact or law;
> (3) the cases grow out of the same transaction or occurrence; or
> (4) in class action suits, one or more of the classes involved in the cases is or are of the same.
>
> (b) Conditions for Reassignment. A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:
> (1) both cases are pending in this Court;
> (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

---

same patents. Moreover, the very fact that it filed suit against Nercon itself suggests that the threat of an imminent lawsuit was a real one. In any event, because Garvey seeks transfer under the court's inherent powers and under the doctrine of comity, the considerations at issue in a more typical transfer case under 28 U.S.C. § 1404 , such as the convenience of the venue, are not truly at issue here.

2

> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
> (4) the cases are susceptible of disposition in a single proceeding.

Civ. L. R. 40.4 (N.D. Ill.) In addition, the rule provides that "[t]he judge to whom the motion is presented may consult with the judge or judges before whom the other case or cases are pending." Civ. L. R. 40.4(d).

The merits of Garvey's instant motion pit two competing interests against each other. On the one hand, a plaintiff is generally given some deference as to its choice of forum, even in a declaratory judgment action, and considerations of forum convenience (the plaintiff is a Wisconsin corporation) are also to be taken into consideration. On the other hand, judicial economy and principles of comity counsel that duplication of efforts is to be avoided. In a patent case, such concerns can be acute because the issues that arise are often complex and accompanied by a steep learning curve, which is evidenced in Judge Castillo's decision and order in Garvey's previous case. *See* 365 F. Supp.2d 893.

But beyond these competing interests lies a more thorny procedural issue. Normally, it would be proper for the court sitting in the first-filed action (i.e., this court) to determine which of two mirror image actions should proceed. *See Kimberly-Clark Corp. v. McNeil-PPC, Inc.,* 260 F. Supp. 2d 738, 740-41 (E.D. Wis. 2003). But in this case, the decision is a step removed because Garvey's motion assumes the occurrence of a contingency over which this court has no control, namely, that the Northern District court will transfer its action to Judge Castillo's court because it is a "related" case. Yet if the Northern District court would for some reason not transfer the case to Judge Castillo, upon whose expertise Garvey's present motion is premised, then there is no other reason that the case should proceed in that district (Garvey is a New Jersey company) and my ruling granting a transfer would be to no end. Ultimately, although Garvey is sanguine about the chances

3

that the transfer motion it will file in the Northern District will be granted, I am reluctant to make that assumption the foundation of an order transferring or dismissing this case.[2] Even if I assumed that its arguments in favor of transfer were generally meritorious, I am not in the best position to make such a determination. The Northern District local rule Garvey relies upon allows the judges in that district to consult with each other to determine whether cases are related. Granting Garvey's motion at this stage would improperly and presumptuously insert this court into the internal case allocation process of another district. Accordingly, because it is not my role to determine (or assume) that cases are "related" under the rules of the Northern District of Illinois, and because I am not in the best position to make that determination, I do not find sufficient basis to transfer the case to that district.

Moreover, Garvey cites no precedent for a transfer premised solely on the particular expertise of a single district judge. I grant that under some circumstances the considerations Garvey cites may come into play, but here I am not persuaded that the issues involved in this action are so complex that this court's becoming familiar with the patents in suit would pose a substantial waste of resources or duplicate efforts. Accordingly, the motion to transfer, dismiss or stay is DENIED.

**SO ORDERED**.

Dated this   28th   day of April, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[2] For instance, the rule appears to require that both related cases be "pending" before a transfer is made. Civ. L. R. 40.4(b)(1). The prior action is not currently pending.